IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| AGRI-EMPRESA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 7:23-cv-00181-DC-RCG |
| EAST WEST TECHNOLOGIES, INC, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ORIGINAL ANSWER**

Comes Now, Defendant, EAST WEST TECHNOLOGIES, INC. ("Defendant" or "East West") and for its Answer to Plaintiff AGRI-EMPRESA, LLC's ("Plaintiff" or "Agri-Empresa") Complaint, states as follows:

**A. ADMISSIONS AND DENIALS**

1. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 1.

2. Defendant admits the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5.

6. Defendant denies the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

## B. COUNTERCLAIMS

### Breach of Contract

16. Plaintiff is liable to defendant because plaintiff breached its contractual obligations.

17. Plaintiff ordered a total of twelve containers of PAC LV, a drilling fluid chemical. Defendant agreed to acquire and deliver the material to plaintiff and, in return, plaintiff agreed to pay the specified price.

18. Defendant performed by delivering the product to plaintiff. Plaintiff paid for one of the containers of material, but has failed to pay for eleven containers. Plaintiff's failure to pay constitutes a breach of contract.

19. Plaintiff's breach caused injury to defendant, which resulted in the following damages: $73,200.00 per container of PAC LV at eleven (11) containers unpaid for a total of $805,200.00 plus additional storage costs charged to defendant in the amount of $28,290.00.

20. Attorney's fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Tex. Civ. Prac. & Rem. Code Ch. 38 because this suit is for breach of contract. Plaintiff retained counsel, who presented defendant's claim to plaintiff. Plaintiff did not tender the amount owed within 30 days after the claim was presented.

**Quantum Meruit**

21. In the alternative to defendant's breach of contract counterclaim, plaintiff accepted materials from defendant without compensating defendant. Defendant delivered twelve containers of PAC LV drilling fluid chemical to plaintiff. Plaintiff only paid for one of the containers.

22. Defendant provided the materials for plaintiff's benefit. Plaintiff ordered twelve containers of the material for use in its business.

23. Plaintiff accepted the materials, which were either shipped to plaintiff's location, a location they directed or to a storage facility for plaintiff to retrieve.

24. Plaintiff knew or should have known that defendant expected compensation when plaintiff accepted the materials. Plaintiff agreed to a per-container price of $73,200.00.

25. Because defendant expected compensation, plaintiff's acceptance of the materials without payment resulted in the following damages: $73,200.00 per container of PAC LV at eleven (11) containers unpaid for a total of $805,200.00 plus additional storage costs charged to defendant in the amount of $28,290.00.

26. <u>Attorney's fees.</u> Plaintiff is entitled to recover reasonable and necessary attorney fees under Tex. Civ. Prac. & Rem. Code Ch. 38 because this suit is for quantum meruit. Plaintiff retained counsel, who presented defendant's claim to plaintiff. Plaintiff did not tender the amount owed within 30 days after the claim was presented.

**Promissory Estoppel**

27. In the alternative to defendant's other two counts, plaintiff made a promise to defendant that plaintiff did not keep.

28. Plaintiff promised defendant that plaintiff would pay for twelve containers of PAC LV drilling fluid chemical that was ordered by plaintiff.

29. Defendant relied on plaintiff's promise by ordering the material from China and paying for it to be brought to the Port of Houston by container ship at considerable expense. Because of the nature of the promise, defendant's reliance was both reasonable and substantial. Defendant and plaintiff had been doing business together for many years. Their established course of dealing was for plaintiff to notify defendant that it needed more material. Plaintiff would then issue purchase orders for the material ordered. Defendant would then work to acquire the material from the manufacturer in China and arrange to have it brought to the U.S. by container ship. Plaintiff was anxious to obtain the material because it was highly in demand. However, during the lengthy shipping period from China to the U.S. by ship, the price of PAC LV went down. Instead of paying for the material at the price plaintiff had previously agreed to pay, plaintiff refused to pay and obtained the material at the new, lower price, from another source. Plaintiff is attempting to hang all of the risk of market volatility on defendant after plaintiff obligated itself to pay for the material they ordered.

30. Plaintiff knew or reasonably should have known, that defendant would rely on plaintiff's promise. Again, due to the course of dealing, plaintiff had always ordered the material, issued purchase ordered and paid for the material when it arrived. Defendant had to pay its supplier and all shipping and storage costs. Plaintiff is aware of these costs. Defendant would not have ordered the material and incurred the cost of the material or the shipping and storage costs if it knew that plaintiff was not going to pay the agreed upon price.

31. Injustice can only be avoided if plaintiff's promise is enforced. Defendant should not be forced to incur the cost the material as well as the shipping and storage costs when plaintiff ordered the material and then refused to pay because the market price changed. Plaintiff and defendant had an agreement, regardless of the market changes. Defendant did everything it was supposed to do, but plaintiff failed to pay as agreed.

32. Defendant's reliance on plaintiff's promise resulted in injury to defendant, which caused the following damages:  Because defendant expected compensation, plaintiff's acceptance of the materials without payment resulted in the following damages: $73,200.00 per container of PAC LV at eleven (11) containers unpaid for a total of $805,200.00 plus additional storage costs charged to defendant in the amount of $28,290.00.

33. <u>Attorney's fees.</u>  Plaintiff is entitled to recover reasonable and necessary attorney fees under Tex. Civ. Prac. & Rem. Code Ch. 38.001(8) because this suit is for promissory estoppel.  Plaintiff retained counsel, who presented defendant's claim to plaintiff. Plaintiff did not tender the amount owed within 30 days after the claim was presented.

**Declaratory Judgment**

34. Defendant seeks a declaration from this Court that the a contract existed between plaintiff and defendant whereby plaintiff was obligated to pay for twelve containers of PAC LV. In the alternative, defendant seeks a declaration from the Court, regardless of the existence of a contract, that plaintiff is obligated to pay for the twelve containers of material, that no consignment agreement existed between the parties and that plaintiff is responsible for paying defendant's shipping and storage costs for the material that was ordered by plaintiff.

35. This issue is appropriate for a declaratory judgment under the Texas Uniform Declaratory Judgment Act and Texas Practice & Remedies Code, Sections 37.001 to 37.011. Specifically, a declaratory judgment to determine the question of contract construction is appropriate, and defendant seeks a declaration of rights, status, and other legal relationships under a written agreement. Further, there is a justiciable controversy about the rights and status of the parties, and the declaration would resolve the controversy. Due to the non-payment for the material, storage costs and attorneys' fees are continuing to accrue.

### C. JURY DEMAND

36. Defendant, East West Technologies, Inc. asserts its rights under the Sevent Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### D. PRAYER

37. For these reasons, defendant asks the Court to do the following:

   a. Render judgment that plaintiff take nothing;

   b. Dismiss plaintiff's suit with prejudice;

   c. Enter judgment in favor of defendant with respect to defendant's claims for breach of contract, quantum meruit, and promissory estoppel;

   d. Assess costs against plaintiff;

   e. Award defendant attorney's fees;

   f. Render judgment for defendant against plaintiff for defendant's damages, attorney's fees, pre- and post-judgment interest, and costs of court; and

g.  Award defendant all other relief the Court deems appropriate or to which defendant may be entitled to in law or equity.

Respectfully submitted,

**ADAIR MYERS STEVENSON YAGI, PLLC**

By: */s/ Matthew S. Compton*
Matthew S. Compton
Texas Bar No. 24078362
Email: msc@am-law.com
Christopher A. Stevenson
Attorney-in-Charge
Texas Bar No. 24056381
Email: cas@am-law.com
24 Greenway Plaza, Suite 1305
Houston, Texas 77046
Telephone: (713) 522-2270
Facsimile: (713) 522-3322

**ATTORNEYS FOR DEFENDANT
EAST WEST TECHNOLOGIES, INC**

## **CERTIFICATE OF SERVICE**

I hereby certify this 7th day of December 2023 that I filed a copy of the foregoing Answer with the Court's EM/ECF filing system, which will send notification of the filing to all attorneys of record.

By: */s/ Matthew S. Compton*
Matthew S. Compton